UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF YURT SERIES IV TRUST<br>Plaintiff,<br><br>v.<br><br>AMY L. FORD F/K/A AMY L. DELUCA; CITY OF PROVIDENCE; MIDLAND FUNDING LLC; DEPARTMENT OF THE TREASURY-INTERNAL REVENUE SERVICE; MERCEDES-BENZ FINANCIAL; STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS DIVISION OF TAXATION;<br>Defendants. | Civil Action No. |

## VERIFIED COMPLAINT

### Jurisdiction and Venue

1. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) since there is complete diversity between Plaintiff and all Defendants and the amount in controversy exceeds $75,000.00.

2. Venue is proper under 28 U.S.C. § 1391(b)(2) since the real property that is subject to this complaint is located in the State of Rhode Island.

3. Plaintiff seeks to foreclose a mortgage to Plaintiff pursuant to R.I.G.L. § 34-27-1, et seq.

## Parties

4. Plaintiff U.S. Bank Trust National Association, as Trustee of Yurt Series IV Trust has a usual place of business at 7114 E. Stetson Drive, Scottsdale Arizona 85251. (the "**Plaintiff**").

5. Upon information and belief, defendant Amy L Ford f/k/a Amy L. Deluca currently resides at certain real property known as and numbered 15 KIMBALL STREET, PROVIDENCE, RI 02908 ("the Property").

6. The Property is further described by the City of Providence Tax Assessors as Lot No. 400, Plat No. 84.

## Facts

7. Alan R. Gianfranesco and Rita B. Gianfrancesco executed and delivered a warranty deed for the Property to Defendant Amy L. Deluca and Leona Ross as joint tenants, which deed is dated January 31, 2000 and was recorded on the same date in Land Evidence Records for the City of Providence at book 4285 page 69. *See* **Exhibit A**.

8. There is an unbroken chain of title of not less than 40 years, which creates marketable record title in Defendant pursuant to R.I.G.L. § 34-13.1-2. See **Exhibit B**.

9. On February 7, 2014 Leona Ross executed and delivered a Quit Claim deed for the property to defendant Amy L Ford f/k/a Amy L. Deluca, which deed was recorded on February 11, 2014 in Land Evidence Records for the City of Providence at book 10796 at Page 25. **See Exhibit C**.

10. Upon information and belief, Leona Ross passed away on May 26, 2020 and therefore the only record owner of the Property is Amy L Ford f/k/a Amy L. Deluca as surviving tenant by the entirety.

11. Defendant Amy L Ford f/k/a Amy L. Deluca and Leona Ross executed and delivered a note dated December 28, 2006 to Encore Credit Corp. in the original principal amount of $185,000.00 (the "**Note**"). See **Exhibit D**.

12. The note was indorsed in blank.

13. Plaintiff is the current holder of the Note.

14. SN Servicing Corporation is the servicer of the loan.

15. As security for the Note, Defendant and Amy L Ford f/k/a Amy L. Deluca and Leona Ross executed, granted and delivered a mortgage in the amount of $185,000.00 containing a power of sale to Mortgage Electronic Registration Systems, Inc. ("**MERS**"), as nominee for Encore Credit Corp. dated December 28, 2006, and recorded in the Land Evidence Records for the City of Providence on January 3, 2007 at Book 8478 at Page 88 (the "**Mortgage**"). See **Exhibit E**.

16. The Mortgage was assigned from Mortgage Electronic Registration Systems, Inc., to ECC Capital Corporation. *See* **Exhibit F**.

17. The Mortgage was further assigned from ECC Capital Corporation to U.S. Bank Trust National Association, as Trustee of Yurt Series IV Trust. *See* **Exhibit G**.

18. The Mortgage is secured by the Property located in the City of Providence, more particularly described as follows:

> Those two lots of land situated on the easterly side of Kimball Street in the City and County of Providence, State of Rhode Island, laid out and delineated as Lots numbered 9 (nine) and 10 (ten) on that plat entitled "Plat of house lots belonging to Sheffield Smith North Providence, R.I. surveyed and platted May 1869 by N.B. Schubarth Surv. recorded in the office of the Recorder of Deeds in said City of Providence on Plat Card 379.
>
> Said lots together form a parcel bounding westerly on Kimball Street eighty and 30/100 (80.30) feet, northerly on land now or lately of Emma Cavilleri seventy-one and 088/1000 (71.088) feet, easterly on land now or lately of Hannah Gaudet in part, and in part on land now or formerly of Pasquale Lupo, et al eighty (80) feet and southerly on land now or lately of Pasquale Lupo, et al sixty-seven and 282/1000 (67.282) feet.
>
> **PROPERTY ADDRESS**
> **15 KIMBALL STREET**
> **PROVIDENCE, RI 02908**

19. Plaintiff is the present holder of the Note and Mortgage.

20. Defendant City of Providence may claim an interest, which interest is junior and inferior to that of the plaintiff, by way of an Execution in the amount of $337.37, dated August 20, 2007 and recorded March 18, 2008 in Volume 9039 at Page 254.

21. Defendant Midland Funding LLC may claim an interest, which interest is junior and inferior to that of the plaintiff, by way of an Execution in the amount of $1,281.14, dated June 17, 2010 and recorded March 23, 2010 in Volume 9675 at Page 91.

22. Defendant Department of Treasury-Internal Revenue Services may claim an interest, which interest is junior and inferior to that of the plaintiff, by way of a Federal Tax Lien in the amount of $37,105.92, dated August 21, 2014 and recorded September 4, 2014 in Volume 10946 at Page 313.

23. Defendant Mercedes-Benz Financial may claim an interest, which interest is junior and inferior to that of the plaintiff, by way of an Execution in the amount of $14,718.78, dated August 6, 2018 and recorded September 19, 2018 in Volume 12160 at Page 190.

24. Defendant State of Rhode Island and Providence Plantations Division of Taxation may claim an interest, which interest is junior and inferior to that of the plaintiff, by way of a Tax Lien, dated November 14, 2019 and recorded November 20, 2019 in Volume 12553 at Page 90.

## COUNT I

25. Plaintiff realleges and reaffirms the allegations set forth in paragraphs 1-24 as if restated herein.

26. Defendant is in default in the performance of the terms and conditions of the Note by reason of failure to timely tender principal and interest payments as required by the terms of the Note.

27. As of November 1, 2020, the sum of $21,604.56 was necessary to cure the default.

28. As a result of the default, Plaintiff is entitled to foreclose the sums due and owing in connection with the Note.

29. As of November 19, 2021, the sum of $159,938.13 was due and owing to Plaintiff from Defendant in connection with the Note.

30. Defendant has no defenses or right of set off with respect to the amounts due in connection with the Note, with the exception of any deficiency balance due and

owning in connection with the Note which may have been discharged in bankruptcy.

31. On or about November 19, 2021, Plaintiff, via its authorized servicer of the Mortgage, sent a notice of default and demand to the notice and default provisions of the Mortgage.

32. On or about March 4, 2022, Plaintiff or its predecessor in interest, or authorized servicer of the Mortgage, or anyone holding under the Mortgage, by its attorneys, sent a notice of acceleration of the debt pursuant to the notice and default provisions of the Mortgage.

## COUNT II

33. Plaintiff realleges and reaffirms the allegations set forth in paragraphs 1-32 as if restated herein.

34. Defendant Amy L Ford f/k/a Amy L. Deluca, as the present owner of the Property, is the owner of the equity of redemption of the Property.

35. Defendant is in default in the performance of the terms and conditions of the Mortgage, namely, default in the payment of principal and interest of the Note secured by the Mortgage.

36. Plaintiff is entitled to foreclose the Mortgage, in full or partial satisfaction of the Defendant's obligations in connection with the Note and Mortgage pursuant to their terms and applicable law.

37. Plaintiff is entitled to foreclose the Mortgage by entry and possession and by exercise of the power of sale contained therein, in accordance with R.I.G.L. § 34-27-1, et seq.

38. Upon information and belief and upon examination of the public records, there are no other parties with an equitable interest in the Property.

39. Upon information and belief, there are no persons having any interest of ownership who are in the Military Service of the United States of America or otherwise entitled to the relief and benefits provided by the Act of Congress known as the Soldiers' and Sailors' Civil Relief Act of 1940, as amended. See **Exhibit H.**

WHEREFORE, Plaintiff prays that the following relief enter:

1. That an order of notice issue on this Complaint, if the Court deems appropriate;
2. Declare that the Mortgage recorded in the Land Evidence Records for the City of Providence is a valid lien on the Property;
3. Declare that Defendant, Amy L Ford f/k/a Amy L. Deluca is in default of the terms and conditions of the Note and Mortgage;
4. Enter an interlocutory decree authorizing the Plaintiff to foreclose the Mortgage recorded in the Land Evidence Records for the City of Providence on January 3, 2007 in book 8478 at page 88;
5. Enter judgment in favor of Plaintiff for the sums due and owing from Defendant in connection with the Note and Mortgage with the exception of any deficiency

balance due and owning in connection with the Note which may have been discharged in bankruptcy;

6. Enter an Order authorizing Plaintiff to satisfy its Judgment from the foreclosure pursuant to the terms of the Mortgage;

7. The Court approve the acts of the Plaintiff done and performed under the authority of any interlocutory decree authorizing a foreclosure sale and enter a final decree confirming the foreclosure sale; and

8. Such other and further relief as this Honorable Court deems meet and just.

U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF YURT SERIES IV TRUST
By its attorney,

_____
David A. Shaw, Esq. (RI Bar No. 3497)
Demerle Hoeger LLP
10 City Square
Boston, MA 02129
(617) 337-4444
(617) 337-4496 (fax)
Dshaw@dhnewengland.com

DATE: July 27, 2022

*Verification Page to Follow*

## VERIFICATION

I reviewed the allegations set forth in the foregoing complaint and verify and affirm that the allegations are true based on my review of the records maintained in the ordinary course of business and review of the public records maintained by the City of Providence. For those allegations set forth as information and belief, I believe them to be true based on the information I reviewed.

By: _____
Courtney Unutoa - Asset Manager

SN Servicing Corporation
Date: 07·08·2022

SIGN + DATE

9